# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024

### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

*U.S. DISTRICT COURT*
*DISTRICT OF MAINE*
*PORTLAND*
*RECEIVED & FILED*
*2023 DEC 26  P 1:19*
*_____*
*DEPUTY CLERK*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

Civil Action No. _____

_____

**ERIC HAFNER**
*Maine's next elected U.S. Representative for the Second U.S. House District (D-ME),*
*Plaintiff*

vs.

**MAINE GOVERNOR JANET T. MILLS;**
**MAINE ATTORNEY GENERAL** AARON FREY;
**MAINE SECRETARY OF STATE** SHENNA BELLOWS;
& **DEPUTY SECRETARY OF STATE** JULIE L. FLYNN
*all in their official capacities,*
*Defendants*

VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(**42 U.S.C. § 1983**)

---

Page 1 of 18    <u>ERIC HAFNER v. MAINE GOVERNOR JANET T. MILLS et al</u>

**TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809**

Powered by Voters Like You

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024

### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

---

### TELEPHONE CONTACT –

### LEAVE A MESSAGE WITH MOTHER CAROL HAFNER AT 212-920-4809

### OR TWEET MOTHER, CAROL HAFNER @VoteHafner
### TWITTER.COM/VOTEHAFNER

### CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 FOR DECLARATORY & INJUNCTIVE RELIEF

### PLAINTIFF

*Ready to serve, representing Maine's Second Congressional District in the U.S. House of Representatives as*

## CONGRESSMAN ERIC HAFNER (D-ME)

## STOP GUN VIOLENCE

---

TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809

Powered by Voters Like You

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024

### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

---

**ERIC HAFNER**, the Plaintiff is the next Democratic Party-nominated candidate for the U.S. House of Representatives in the Second Congressional District of the State of Maine.

**ERIC HAFNER** is following the path of the legendary freedom fighter and President of South Africa, the late Nelson Mandela, into political leadership from unjust imprisonment, as the result of a phony federal case concocted by crooked prosecutors and corrupt federal agents, and seeks relief from the honorable Court as to candidate requirements that are unconstitutional facially & *as-applied* to him, given the fact he is stuck in jail, but otherwise qualified to be elected to Congress. **ERIC HAFNER** is over 25, has been a U.S. citizen his entire life. Thus, he meets the qualifications to hold the office.

**ERIC HAFNER** has worked in a variety of professions, including politics, law and foreign diplomacy. **ERIC HAFNER** helped lead multiple campaigns to improve K-12 education and organize labor unions.

---

Page 3 of 18   <u>ERIC HAFNER v. MAINE GOVERNOR JANET T. MILLS et al</u>

TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809

Powered by Voters Like You

# ERIC HAFNER

DEMOCRAT FOR U.S. CONGRESS 2024

SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

Maine's working families need

## CONGRESSMAN ERIC HAFNER

in the United States House of Representatives.

**ERIC HAFNER will lead the way on enacting strict gun control laws, to stop the senseless gun violence that has left a trail of blood and shattered lives across America, *while the evil gun lobby bribes politicians.***

**ERIC HAFNER is committed to abolishing ICE, defunding police, federally legalizing all drugs, expanding abortion rights & ending mass incarceration.**

**ERIC HAFNER will work to promote indigenous rights, immigrant rights, expand social welfare, the rights of women & LGBT/2spirit communities, Medicare for All, create livable wage jobs and build social housing.**

Page 4 of 18   <u>ERIC HAFNER v. MAINE GOVERNOR JANET T. MILLS et al</u>

TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809

Powered by Voters Like You

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024

### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

---

### ARGUMENTS

**Nelson Mandela** remarked, "[i]t is said that no one truly knows a nation until one has been inside its jails. A nation should not be judged by how it treats its highest citizens, but its lowest ones ...."

*A Long Walk to Freedom*, Nelson Mandela, pp. 174-1-75 (1994).

**ERIC HAFNER** is indigent, and has been detained in federal custody since September of 2019. **ERIC HAFNER** has no funds to pay any fees, and as he is held in the custody of the U.S. Marshal, he cannot gather signatures either.

**ERIC HAFNER** is a Registered & Active Democratic Party voter, and is detained at the Essex County Jail, 354 Doremus Ave, Newark NJ 07105-4882.

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024

### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

---

### DEFENDANTS

**MAINE GOVERNOR JANET T. MILLS** resides in her official capacity at Maine Governor, 1 State House Station, Augusta, Maine 04333. As the Governor of the State of Maine, the Chief Executive Officer of the State of Maine, all State of Maine state laws, policies, customs, and regulations are carried out under her authority.

**MAINE ATTORNEY GENERAL AARON FREY**, is sued in his official capacity. **MAINE ATTORNEY GENERAL AARON FREY**, resides in his official capacity at Maine Attorney General, 6 State House Station, Augusta, Maine 04333. As the Attorney General of the State of Maine, he is the chief law enforcement officer of the State of Maine, all State of Maine state laws, enforcement, policies, customs and regulations are carried out under his authority. Furthermore, the State of Maine Attorney General will presumably be the counsel for all State of State of Maine Defendants.

**MAINE SECRETARY OF STATE SHENNA BELLOWS** is sued in her official capacity. **MAINE SECRETARY OF STATE SHENNA BELLOWS** resides in her official capacity at Secretary of State, State House Station, Augusta, Maine 04333. As Secretary of State for the State of Maine, she is responsible for all State of Maine elections, ballots, and candidate registrations. All State of Maine elections are carried out under her authority.

**MAINE DEPUTY SECRETARY OF STATE FOR THE BUREAU OF CORPORATIONS, ELECTIONS AND COMMISSIONERS - JULIE L. FLYNN** is sued in her official capacity. **MAINE DEPUTY SECRETARY OF STATE JULIE L. FLYNN** resides in her official capacity at Deputy Secretary of State, State House Station, Augusta, Maine 04333. As Deputy Secretary of State for the State of Maine, she is responsible for all State of Maine elections, ballots, and candidate registrations. All State of Maine elections are carried out under her authority.

---

TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809

Powered by Voters Like You

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024

### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

---

### STATEMENT OF JURISDICTION

Federal Jurisdiction is provided via

**28 U.S.C. § 1331 & 42 U.S.C. § 1983.**

The Eleventh Amendment to the United States Constitution does not bar suits against the State when the State terminates a state-created liberty interest without due process. The United States Supreme Court has "repeatedly held that state statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment." Vitek v. Jones, 445 U.S. 480, 488, 100 S. Ct. 1254, 63 L. Ed. 2d 552 (1980)

A constitutionally protected liberty interest can arise from the Constitution or from state statutes, policies and practices. Hewitt v. Helms, 459 U.S. 460, 466 (1983)

**It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights.**

See *Ex parte Young*, 209 U.S. 123, 160-162 [28 S. Ct. 441, 454-55, 52 L. Ed. 714] (1908).

### STATEMENT OF VENUE

The District of Maine is an appropriate venue for this action under 28 U.S.C. § 1391(b)(1) because the Defendants in their official capacity reside in the District of Maine, and the U.S. House of Representatives seat in question is also located in the District of Maine.

### VIOLATIONS ALLEGED & RELIEF SOUGHT

**Maine election laws are codified at Maine Revised Statutes Title 21-A et seq. & also specifically Me. Rev. Stat. § 335 et seq & 336 et seq.**

---

Page 7 of 18   ERIC HAFNER v. MAINE GOVERNOR JANET T. MILLS et al

**TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809**

**Powered by Voters Like You**

# ERIC HAFNER

### DEMOCRAT FOR U.S. CONGRESS 2024

#### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

**Under Title 21-A § 185 for U.S. Representative, the Maine Secretary of State is the appropriate candidate filing official.**

**ERIC HAFNER**, Plaintiff, seeks for the honorable Court to issue a declaratory and injunctive order stating all the foregoing Maine Title 21-A candidate requirements are unconstitutional as applied to him. Such as any Maine voter requirement, eligible Maine voter, in-person requirement to file, any signature, residency, criminal history exclusions, in-person delivery and any fee requirements to appear on the ballot as Democratic Party candidate for United States Representative (Congressman) in Maine's Second U.S. Congressional District are a violation of **ERIC HAFNER's federal constitutional rights.** Specifically the U.S Constitution First, Fifth & Fourteenth Amendments (Free Speech, Political Expression, Substantive Due Process, Procedural Due Process, Equal Protection, and incorporation clause) *as-applied* to him. These limitations also impermissibly add unconstitutional requirements to the office, beyond the Qualifications Clause *see* U.S. Const. art. I, § 2, cl. 2, in violation of the United States Constitution.

Plaintiff **ERIC HAFNER** seeks the honorable Court to order the State of Maine Defendants, including the Governor of the State of Maine; Attorney General of the State of Maine; Secretary of State of the State of Maine & Maine Deputy Secretary of State for the Bureau of Corporations, Elections and Commissioners for the the State of Maine to register him as a declared 2024 Maine Democratic Party Primary U.S. Representative candidate in Maine's Second Congressional District, with full ballot access, placing him on the primary and general election ballot as the Democratic Party candidate.

The requirement for ballot access of voter signatures is not possible for **ERIC HAFNER** to provide, as he is being held in a jail, and is prevented by the government from collecting voter signatures in Maine. Plaintiff certainly also has no ability to deliver anything in-person, subscribe to any oath or affirmation in person, nor the ability to pay any fees. **Me. Rev. Stat. § 335 requires a whopping 1,000 to 1,250 enrolled Maine Democratic Party Registered Voter in the Second Congressional District voter signatures for primary ballot access – which must be filed by March 15th.** Obviously for an incarcerated candidate, this is not possible, and therefore must be enjoined! **This is unconstitutional, *as-applied* to him.**

# ERIC HAFNER

### DEMOCRAT FOR U.S. CONGRESS 2024

#### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

The Qualifications Clause provides: "No person shall be a Representative who shall not have attained the Age of twenty five years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen." U.S. Const. art. 1, 2, cl.2. These three requirements are an exhaustive list; any additional qualifications imposed by state or federal law are unconstitutional. U.S. Term Limits v. Thornton, 514 U.S. 779, 827, 115 S. Ct. 1842, 131 L. Ed. 2d 881 (1995); Powell v. McCormack, 395 U.S. 486, 550, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969). Plaintiff clearly meets these requirements, he was born in 1991 in the United States, and has been a citizen his entire life.

An **unconstitutional qualification establishes a categorical bar to an *entire class* of candidates seeking office**. *Term Limits v. Thornton*, 514 U.S. 779, 835. "The Framers intended the Elections Clause to grant States authority to create procedural regulations, **not to provide the state with license to exclude classes of candidates from federal office**." Id. at 832-33. Thus, an absolute bar to holding office "'**cloaked in ballot access clothing**'" **constitutes an unconstitutional additional qualification.** Id. at 830 (quoting Gomillion v. Lightfoot, 364 U.S. 339, 345, 81 S. Ct. 125, 5 L. Ed. 2d 110 (1960)). **In other words, a state election law "is unconstitutional when it has the likely effect of handicapping a class of candidates and has the sole purpose of creating additional qualifications."** Id. **at 836 (emphasis added). Clearly, that is exactly what these requirements do.**

### POINTS & AUTHORITIES

Dillon v. Fiorina, 340 F. Supp. 729 (D.N.M. 1972). In Dillon, the district court struck down a New Mexico statute that prevented any person from becoming a candidate for United States Senator "*unless he had been affiliated with that party for at least one year prior to the filing date for the primary election.*" Id. at 730. The court determined that,

---

TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809

Powered by Voters Like You

# ERIC HAFNER

**DEMOCRAT FOR U.S. CONGRESS 2024**

SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

because the statute in effect required residency for two years within New Mexico, it added an "*impermissible requirement*" to the qualifications for candidacy. Id. at 731; see also State ex rel. Chavez v. Evans, 79 N.M. 578, 446 P.2d 445, 448 (N.M. 1968) (holding that provision requiring candidate to be a resident and qualified elector "unconstitutionally adds additional qualifications"); Hellmann v. Collier, 217 Md. 93, 141 A.2d 908, 912 (Md. 1958) (per curiam) (invalidating requirement that a congressional representative must reside in the district from which he is elected); see also Application of Ferguson, 57 Misc. 2d 1041, 294 N.Y.S.2d 174, 175-76 (1968) (holding that state may not exclude convicted felon as a candidate for the United States Senate); Danielson v. Fitzsimmons, 232 Minn. 149, 44 N.W.2d 484, 486 (Minn. 1950) (holding that state cannot render person convicted of conspiracy to overthrow the government ineligible for Congress).

State of New Mexico statute Section § 3-8-26 required candidates for nominations in primary elections to pay filing fees amounting to 6% of the first year's salary for some offices and a stated sum for certain offices. The constitutionality of § 3-8-26 was attacked in *Dillon v. Fiorina*, D.N.Mex., 340 F. Supp. 729, by a candidate for nomination to the office of United States Senator. On March 24, 1972, a three-judge federal district court held that the fee was indistinguishable from the fees struck down in *Bullock v. Carter*, 405 U.S. 134, 31 L. Ed. 2d 92, 92 S. Ct. 849, and declared that the statute "is unconstitutional as it applies to the office of United States Senator," 340 F. Supp. at 730.

Federal courts have enjoined states from requiring that any candidate for U.S. Representative be registered to vote as a requirement for access to the ballot; for example, the State of New Mexico is also barred from requiring voter registration as sole method by which a candidate may demonstrate that he or she has fulfilled any other ballot access requirement set forth in the Election Code. *Woodruff v. Herrera*, 2010 U.S. Dist. LEXIS 153015 (D.NM 2010)

Courts have recognized that restrictions on ballot access interfere specifically with candidates' and political parties'"right to associate for political purposes" and with "the rights of qualified voters to cast their votes for the candidates of their choice." *Hall v.*

# ERIC HAFNER

### DEMOCRAT FOR U.S. CONGRESS 2024

#### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

---

*Merrill*, No. 2:13cv663-MHT, 212 F. Supp. 3d 1148, 2016 U.S. Dist. LEXIS 135446 (M.D. Ala. Sept. 30, 2016) (Thompson, J.) *reversed on other grounds in, Hall v. Sec'y, State of Alabama*, 902 F.3d 1294, (11th Cir. 2018), *cert. denied by Hall v. Merrill*, 205 L. Ed. 2d 27 (U.S., 2019),, citing *Williams v. Rhodes*, 393 U.S. 23, 30, 89 S. Ct. 5, 21 L. Ed. 2d 24 (1968). Courts have adopted a sliding scale balancing test to address constitutional challenges to state election laws.

A court first must consider "the character and magnitude" of the burden on ballot access. *Anderson v. Celebrezze*, 460 U.S. 780, 789, 103 S. Ct. 1564, 75 L. Ed. 2d 547 (1983). A court "then must identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule." *Id.* A court must balance both parties' interests and "consider the extent to which those interests make it necessary to burden the plaintiff's rights." *Id.* The level of scrutiny varies depending on the character and severity of the burden imposed by the State. *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358-59, 117 S. Ct. 1364, 137 L. Ed. 2d 589 (1997); *Burdick v. Takushi*, 504 U.S. 428, 434, 112 S. Ct. 2059, 119 L. Ed. 2d 245 (1992).

Regulations that impose a severe burden on First and Fourteenth Amendment rights "must be narrowly tailored and advance a compelling state interest." *Timmons*, 520 U.S. at 358-59. Regulations that impose a lesser burden "trigger less exacting review, and a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions." *Id.*

The relevant inquiry to determine the severity of the burdens examines whether the State's "ballot access requirements seriously restrict the availability of political opportunity." *Arizona Green Party v. Reagan*, 838 F.3d 983, 989 (9th Cir. 2016), citing *Libertarian Party of Wash. v. Munro*, 31 F.3d 759, 762 (9th Cir. 1994). The plaintiff bears the initial burden of showing such restrictions. *Arizona Green Party*, 838 F.3d at 989. A court should measure the burden "by whether, in light of the entire statutory scheme regulating ballot access, 'reasonably diligent' [parties] can normally gain a place on the ballot." *Nader v. Brewer*, 531 F.3d 1028, 1035 (9th Cir. 2008) (internal citations omitted).

---

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024

### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

# STOP GUN VIOLENCE

Plaintiff argues that Maine's signature/in-person and other described candidate requirements are unconstitutional facially & *as-applied to him,* represent a severe burden on his constitutional rights, and are not valid.

Various decisions support Plaintiff's arguments. One such case is *Hall v. Merrill*, No. 2:13cv663-MHT, 212 F. Supp. 3d 1148, 2016 U.S. Dist. LEXIS 135446 (M.D. Ala. Sept. 30, 2016). The plaintiffs in *Hall* brought an as applied challenge to Alabama's 3 percent (5,938 signatures) signature requirement for independent and minor party candidates in the context of a special election. The special election was called to fill a vacant seat for the United States House of Representatives, similar to the election at issue. The court in *Hall* granted summary judgment to the plaintiffs. The court cited as support the shortened time to collect signatures in a special election, little to no preparation time for a signature drive, the off year nature of the special election, and little historical evidence that gaining access to the ballot as an independent or minor party candidate proved practically possible in a special election. 2016 U.S. Dist. LEXIS 135446, at *47-*48. The court determined that these factors constituted a severe burden. 2016 U.S. Dist. LEXIS 135446, at *47.

The holding in *Jones v. McGuffage*, 921 F. Supp. 2d 888 (N.D. Ill. 2013) also supports Plaintiff's position. The court in *Jones* struck down Illinois's 5 percent signature requirement in the context of a special election for the United States House of Representatives. The court granted the preliminary injunction on the basis that independent and minor party candidates faced substantial burdens. These burdens included a shortened time window to obtain signatures (62 days), the absence of any time to prepare a signature gathering effort, and the harsh winter conditions that occurred during the signature gathering period. *Id.* at 898-99. The ballot access scheme and the factual context in *Jones* closely resemble the facts and issues presented in this case.

Qualifications of members of Congress are prescribed by federal Constitution, and state cannot impose additional requirements for office, but may impose only *reasonable* provisions as to time and method of getting name on the ballots. *Shub v. Simpson*, 196 Md. 177, 76 A.2d 332 (1950).

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024

### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

# STOP GUN VIOLENCE

Constitutional qualifications necessary for office of Representative cannot be added to by state. *Danielson v. Fitzsimmons*, 232 Minn. 149, 44 N.W.2d 484 (Minn. 1950).

Qualifications enumerated by federal Constitution for membership in lower house of Congress are exclusive, and state constitutions and laws can neither add to nor take away from them. *State ex rel. Sundfor v. Thorson*, 72 N.D. 246, 6 N.W.2d 89 (N.D. 1942).

California's requirement that candidates register to vote before filing nomination papers, which required them to establish residency in state, violated qualifications clause by handicapping class of nonresident candidates who otherwise qualified to run for Congress, and could not be justified under its power to regulate procedural aspects of elections, since it was substantive qualification. *Schaefer v. Townsend*, 215 F.3d 1031, 2000 Cal. Daily Op. Service 4928, 2000 D.A.R. 6609 (9th Cir. 2000), cert. denied, 532 U.S. 904, 121 S. Ct. 1225, 149 L. Ed. 2d 136 (2001).

Defendant state republican party chairwoman's declaration before election that its candidate was ineligible to run for Congress under Tex. Elec. Code Ann. § 145.003, based on finding that candidate did not reside in Texas, violated Qualifications Clause, U.S. Const. art. 1, § 2, cl. 2, which only required residency when elected; injunction in favor of plaintiff state democratic party chairman, against removing candidate from ballot was affirmed. *Tex. Democratic Party v. Benkiser*, 459 F.3d 582 (5th Cir. 2006).

*Belitskus v. Pizzingrilli*, 2003 U.S. App. LEXIS 18910 (3d Cir. 2003), an elections ballot access & 42 U.S.C. § 1983 case, plaintiffs contended that the mandatory nature of the fee, coupled with the absence of an alternative means by which indigent candidates might gain access to the ballot, violated the Fourteenth Amendment. The appellate court first concluded that a significant impact of such a fee on an indigent candidate's ability to meet personal living expenses and on the candidate's campaign strategy and allocation of resources satisfied standing requirements. **On the merits, as a backdrop, a state could not, consistent with constitutional standards, require from an indigent candidate filing fees he could not pay. Under the Anderson balancing test, the regulations had to be narrowly drawn to advance a state interest of compelling importance. It rejected regulation and/or limitation of candidates permitted on the ballot as a potential justification.** The second asserted justification--that the

# ERIC HAFNER
## DEMOCRAT FOR U.S. CONGRESS 2024
### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

Commonwealth had a legitimate interest in defraying the costs of elections, was rejected in an "as applied analysis." **By failing to provide a reasonable alternative means of ballot access, it improperly made economic status a decisive factor in determining ballot access.**

*Esshaki v. Whitmer,* 455 F. Supp. 3d 367, 2020 U.S. Dist. LEXIS 68254 (E.D. Mich., Apr. 20, 2020), is also instructive. Candidates were entitled to injunctive relief because **state's signature requirement** under Mich. Comp. Laws 168.**544f in conjunction with COVID-19 Stay-at-Home Order imposed a severe burden on candidates, and the broader public interest was not served by encouraging candidates and supporters to risk their health and criminal penalties to gather signatures.** The District Court determined that Plaintiff candidates were entitled to injunctive relief because the state's signature requirement under Mich. Comp Laws 168.544f in conjunction with a Stay-at-Home Order **imposed a severe burden on candidates**, and the broader public interest was not served by encouraging candidates and supporters to risk their health and criminal penalties to gather signatures. Injunctive relief granted.

Federal election candidates behind bars are nothing new. Lyndon H. LaRouche, Jr. ran for the U.S. Presidency in 1992 while serving a federal sentence he received in 1988 for several counts of mail fraud. See LaRouche v. Fed. Election Comm'n, 996 F.2d 1263, 1264, 302 U.S. App. D.C. 184 (D.C. Cir. 1993) cert. denied 510 U.S. 992, 114 S. Ct. 550, 126 L. Ed. 2d 451 (1993). Similarly, Eugene Debs ran as the Socialist Party's candidate for the presidency in 1900, 1904, 1908, 1912 and 1920. **In 1920, Debs ran for president while serving time in federal prison for sedition.**

Plaintiff acknowledges that the federal judiciary has generally upheld, *for non-incarcerated candidates*, the constitutionality of statutes requiring signatures on nominating petitions for ballot access. *Dillon v. Evans*, 549 F.2d 183, 184 (10th Cir. 1977) ("The constitutionality of statutes requiring nominating petitions, or their functional equivalent, which contain a number of signatures equal to a percentage of total voters is beyond question."). **Yet there are almost always exceptions to general rules. Hence this** *as-applied* **challenge.**

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024

### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

Regardless of whether such a requirement of signatures on nominating petitions for ballot access might be constitutional for the average, free candidate, Plaintiff is stuck in jail and that is the framework of the review for the court to conduct in the instant case. Such cases with non-incarcerated candidates are inapposite in the instant matter, as Plaintiff is in jail. Clearly *as-applied* to the Plaintiff, **ERIC HAFNER**, the requirements of signatures simply are not constitutional. The Plaintiff, **ERIC HAFNER**, has been in jail since 2019, and is seeking to be placed on the Maine Democratic Party 2024 Primary Ballot, where he seeks the Democratic Party nomination to serve as U.S. Representative for the Second Congressional District of Maine.

Plaintiff, **ERIC HAFNER**, simply wants to go straight to the primary ballot, making his case for election to the Democratic Party voters of Maine's Second Congressional District, and then onto all the voters of Maine's Second Congressional District as Democratic nominee for U.S. Representative.

**Even behind bars, Plaintiff, ERIC HAFNER, has managed to do at least some political networking. Last week, ERIC HAFNER took part in an interfaith Thanksgiving prayer service at the Essex County Correctional Facility in Newark, NJ that was sponsored by the NJ Reentry Corporation – and graciously headlined by their CEO, former New Jersey Governor Jim McGreevy, who ERIC HAFNER had the pleasure to meet. Plaintiff candidate, ERIC HAFNER, upon election, will seek to obtain federal funding to provide similar services in the State of Maine, at no cost to the state or local governments, and idite Governor McGreevy to visit Maine, and provide advice regarding creating new and effective, reentry programs for the formerly incarcerated in Maine.**

Clearly, based on the U.S. Const. art. I, § 2, cl. 2, Plaintiff, **ERIC HAFNER** is eligible to serve in the United States House of Representatives. But given the fact that he is incarcerated – detained in federal custody since 2019 – ***as-applied*** to him, a petition signature *requirement as-applied* violates the First, Fifth, and Fourteenth Amendment rights of **ERIC HAFNER**, relating to Free Speech; Political Expression; Equal Protection; Substantive Due Process & Procedural Due Process & the qualifications clause (U.S. Const. art. I, § 2, cl. 2).

---

Page 15 of 18 <u>ERIC HAFNER v. MAINE GOVERNOR JANET T. MILLS et al</u>

**TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809**

Powered by Voters Like You

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024

### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

Woodruff v. Herrera, 623 F.3d 1103, 2010 U.S. App. LEXIS 24154 (10th Cir. 2010) (registered voter requirement for congressional candidates, found in N.M. Stat. Ann. § 1-8-18 was stricken as unconstitutional)

### CLAIM FOR RELIEF

Plaintiff, seeks declaratory and injunctive relief from the Court, declaring that for the reasons stated above the signature requirements; in-person delivery; and any fee requirements to gain ballot access in the Maine 2024 Democratic Party primary for U.S. Representative are unconstitutional facially & *as-applied* to Plaintiff, **ERIC HAFNER** who is indigent and incarcerated.

### Plaintiff requests that this Court grant:

**A. A declaratory judgment Maine's candidacy requirements found in Maine Revised Statutes Title 21-A and § 335, 336 *et seq* referenced above including registered Maine voter, eligible Maine voter, signature requirements, any filing fee, ban on filing by mail, are unconstitutional on their face *as-applied* to plaintiff, for the reasons set forth above and those in Bullock v. Carter, 405 U.S. 134 (1972) ; Dillon v. Fiorina, 340 F. Supp. 729 (D.NM 1972) & Stack v. Adams, 315 F. Supp. 1295 (N.D. Fla. 1970).**

**B. An order enjoining defendants, their successors, their agents, and all persons acting in concert with them who have knowledge of the injunction from requiring payment of any**

TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809

Powered by Voters Like You

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024

### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

signatures or fee for ERIC HAFNER to be listed as a declared candidate on the 2024 Maine Democratic Party primary ballot for Maine's Second Congressional District U.S. Representative Democratic Party primary & the General Election for the same seat (assuming Plaintiff wins the primary), waiving all fees and signature requirements for Plaintiff ERIC HAFNER.

C. Ordering that Plaintiff, ERIC HAFNER is listed on the 2024 Maine Democratic Party primary ballot as a candidate for U.S. Representative in Maine's Second Congressional District, and same for the 2024 General Election ballot, assuming he is the winner of the primary election.

D. All other relief that is just and proper.

### VERIFICATION STATEMENT

I, **ERIC HAFNER**, verify under penalty of perjury all that all of the foregoing information I have provided is true and correct to the best of my knowledge. I understand there are penalties for knowingly false statements.

Respectfully submitted,

*Eric Hafner*

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024

### SECOND U.S. CONGRESSIONAL DISTRICT OF MAINE

## STOP GUN VIOLENCE

**ERIC HAFNER**
**354 DOREMUS AVE**
**NEWARK NJ 07105**

Dated: November 27, 2023

**TELEPHONE CONTACT MOTHER**
**LEAVE MESSAGE 1-212-920-4809**

---

Page 18 of 18 <u>ERIC HAFNER v. MAINE GOVERNOR JANET T. MILLS et al</u>

TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809

Powered by Voters Like You