UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ERIC HAFNER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   1:23-cv-00463-NT |
| | ) |
| JANET MILLS, et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in custody at the Essex County Jail, in Newark, New Jersey, filed a complaint against the Maine Governor, Attorney General, Secretary of State, and Deputy Secretary of State. (Complaint, ECF No. 1.)

In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 3), which application the Court granted. (Order, ECF No. 5.) In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommended the Court dismiss the matter.

## FACTUAL ALLEGATIONS

Plaintiff alleges he is a candidate for the U.S. House of Representatives in Maine's Second Congressional District. Plaintiff is over twenty-five years old and is a lifetime United States citizen. Plaintiff seeks declaratory and injunctive relief (1) declaring that Maine's ballot access requirements are unconstitutional as applied to Plaintiff and (2) requiring Defendants to place Plaintiff's name on the primary and general election ballots.

## LEGAL STANDARD

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff asserts that because he is incarcerated, he is unable to gather the necessary signatures, pay the filing fee, or deliver sworn documents in person, as he maintains Maine law requires for candidates for congress.

States have broad power to regulate the manner of elections subject to the protections of voters' and candidates' Fourteenth Amendment right to equal protection of

3

the laws and First Amendment rights to speech and association.  *See Bullock v. Carter*, 405 U.S. 134, 141, 143 (1972).  When challenged, courts consider the "character and magnitude of the asserted injury" from a state election law.  *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983).  "Regulations imposing severe burdens on plaintiffs' rights must be narrowly tailored and advance a compelling state interest" while "[l]esser burdens . . . trigger less exacting review, and a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions."  *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997) (internal quotation marks omitted).

As a preliminary matter, Plaintiff's claim fails because he has not established that he has standing to challenge the relevant Maine election laws.  The United States Constitution's limitations on the federal courts' authority requires that a party invoking federal jurisdiction establish: (1) an injury in fact that is concrete and particularized, and actual or imminent, not merely conjectural or hypothetical; (2) a causal connection between the injury and conduct complained of; and (3) a likelihood, as opposed to mere speculation, that the injury could be redressed with a favorable decision.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

The United States Constitution provides the minimum requirements for an individual seeking to become a member of the House of Representatives: "No Person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen." U.S. Const. art. I, § 2, cl. 2.  Plaintiff

has alleged that he satisfies the age and citizenship requirements to run for Congress, but he does not allege that he is a resident of Maine, intends to become a resident of Maine before the election, has the ability to become a resident of Maine before the election, or has taken any steps to become a resident.[1]  Because Plaintiff is ineligible for reasons other than the relevant state laws, Plaintiff has not shown that he is ready and able to hold the office he purports to seek, and he therefore cannot establish that the challenged provisions create a concrete, imminent injury redressable by an order of this Court.  *See Carney v. Adams*, 592 U.S. 53, 60 (2020) (a plaintiff claiming that a Delaware political affiliation requirement prevented access to attaining office failed to establish standing because in those circumstances the plaintiff "must at least show that he is likely to apply to become a judge in the reasonably foreseeable future if Delaware did not bar him because of political affiliation.  And our cases make clear that he can show this only if he is 'able and ready' to apply") (citations omitted).

Even if Plaintiff could show that he is able and ready to serve as one of Maine's congressional representatives, his challenges to Maine's law fail.  Plaintiff's principal challenge is apparently to Maine's ballot access requirement that a candidate file a petition

---

[1] Any attempt by Plaintiff to allege residency or an intent to become a resident of Maine's second district would be undermined by his filing similar complaints in other federal district courts alleging he is a candidate for congressional districts in at least five other states.  *See Hafner v. Reeves*, 3:23-cv-03179-DPJ-FKB (S.D. Miss.); *Hafner v. Grisham*, 1:23-cv-01151-MIS-JHR (D.N.M.); *Hafner v. Lombardo*, 2:23-cv-02141-CDS-EJY (D. Nev.); *Hafner v. Hochul*, 1:23-cv-09517-RPK-PK (E.D.N.Y.); *Hafner v. Oregon*, 3:23-cv-01859-AN (D. Or.).

containing signatures of 1,000 voters from within the congressional district.[2]  *See* 21-A M.R.S.A. § 335(5)(C).  The Supreme Court has recognized that "[t]here is surely an important state interest in requiring some preliminary showing of a significant modicum of support" in order to have one's name printed on a ballot, *Jenness v. Fortson*, 403 U.S. 431, 442 (1971), because states have vital interests in "preservation of the integrity of the electoral process and regulating the number of candidates on the ballot to avoid undue voter confusion . . . ." *Am. Party of Texas v. White*, 415 U.S. 767, 782 n.14 (1974).  For that reason, the Supreme Court has noted that "a candidate . . . may be required to demonstrate the seriousness of his candidacy by persuading a substantial number of voters to sign a petition in his behalf," *Lubin v. Panish*, 415 U.S. 709, 718–19 (1974) (quotation marks omitted), and it has approved of petition requirements comparable to or more onerous than Maine's.  *See White*, 415 U.S. at 782–83 (upholding minor-party petition requirement of 1% of voters in previous election).

Plaintiff claims that his incarceration requires a different result in his case.  A state may not use ballot access regulations to require qualifications for a federal office beyond those contained in the U.S. Constitution.  *See U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 831 (1995).  In other words, "a state [law] is unconstitutional when it has the likely effect of handicapping a class of candidates and has the sole purpose of creating additional

---

[2] Plaintiff asks the Court to issue an order declaring that the filing fee and a requirement that he deliver certain documents in person are both unconstitutional as applied to him.  Plaintiff, however, does not cite a provision in Maine law that requires an in-person delivery and does not allege that a state official attempted to impose any such requirement.

qualifications indirectly." *Id.* at 836. To the extent Petitioner argues the Maine law excludes prisoners as a class because a prisoner could not collect the requisite signatures while incarcerated, the argument lacks merit. Maine law does not require a candidate personally to collect the signatures. The statute refers to "circulators" of petitions on a candidate's behalf, which means the candidate or other individuals are permitted to gather signatures. *See* 17-A M.R.S.A. § 335(8), (9). Other courts have correctly rejected similar challenges from incarcerated individuals. *See Richards v. Dayton*, No. CIV. 13-3029 JRT/JSM, 2015 WL 1522199, at *33 (D. Minn. Jan. 30, 2015) ("although [Plaintiff] may personally find it difficult to obtain 1,000 signatures due to his imprisonment, that is not the aim of the statute, and therefore it does not violate *U.S. Term Limits*"). In sum, even if Plaintiff had standing to assert the claim, he has not alleged facts that would support an actionable constitutional claim.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

7

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of January, 2024.